| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

NANCY HESTER, §
    §
    *Plaintiff*, §
    §
    §
*versus* § CASE NO. 1:20-CV-48
    §
HUMAN SERVICES OF SOUTHEAST §
TEXAS INC., d/b/a SPINDLETOP CENTER, §
AMBER WOODS, and ALA ABBOTT, §
    §
    *Defendants*. §
    §
    §

## MEMORANDUM ORDER ADOPTING REPORT AND OF DISMISSAL

The Court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration. On August 31, 2020, the magistrate judge issued his Report and Recommendation (#12), recommending (1) dismissal of all of Plaintiff's claims against Defendants Ala Abbott and Amber Woods; (2) dismissal of Plaintiff's claim of intentional infliction of emotional distress and exemplary damages against Spindletop Center; and (3) staying Plaintiff's remaining claims against Spindletop Center pending completion of arbitration.

Plaintiff received the Report on September 2, 2020 (#13). Plaintiff timely filed her objections to Judge Giblin's Report on September 15, 2020 (#14). Although Plaintiff's objections are difficult to discern, Plaintiff objects to (1) the dismissal of claims against Defendants Ala Abbott and Amber Woods; (2) dismissal of Plaintiff's exemplary damages claim against Defendant Spindletop Center; and (3) the granting of Defendant Spindletop Center's motion to compel arbitration (#14). Plaintiff also submits other general objections which will not be addressed because they are not alleged with the requisite specificity. *See* FED. R. CIV. P. 72(b)(2).

First, Plaintiff disagrees that Defendants Ala Abbott and Amber Woods are improper parties. In support, Plaintiff cites Section 106.001 of the Texas Civil Practice and Remedies Code, which states "(a) An officer or employee of the state or of a political subdivision of the state who is acting or purporting to act in an official capacity may not, because of a person's race, religion, color, sex, or national origin: . . . (5) refuse to grant a benefit to the person; (6) impose an unreasonable burden on the person." TEX. CIV. PRAC. & REM. CODE § 106.001(a)(5)-(6). Plaintiff then states, in a conclusory fashion, "Five and six both identify what an employee of a governmental entity may not carry out against someone due to race, sex, national origin and or religion" (#14).

As the Report and Recommendation explains, Section 101.106 of the Texas Tort Claims Act states that "filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." TEX. CIV. PRAC. & REM. CODE § 101.106. This is because the "Texas Tort Claims Act . . . requires an election of remedies when a plaintiff sues both a governmental entity and its

employees." *Travis v. City of Grand Prairie*, 654 F. App'x 161, 166 (5th Cir. 2016). Plaintiff chose to sue both Spindletop Center (the governmental entity) and its employees. Therefore, its employees must be dismissed. Plaintiff's objection related to the employee defendants is accordingly overruled.

Plaintiff next argues that exemplary damages are permitted under Texas law. In support, she cites to *City of Elsa v. M.A.L.*, 226 S.W.3d 390, 391-92 (Tex. 2007) and *Haynes v. City of Beaumont*, 35 S.W.3d 166, 174, 182 (Tex. App.—Texarkana 2000, no pet.). These cases, however, are inapposite as they concern a party seeking equitable relief against a city for constitutional violations, not exemplary damages. *See City of Elsa*, 226 S.W.3d at 392 ("[A]lthough there is no implied private right of action for damages against governmental entities for violations of the Texas Constitution, suits for equitable remedies for violation of constitutional rights are not prohibited."); *Haynes*, 35 S.W.3d at 182 ("Texas recognizes neither an implied private right of action nor a common law cause of action for damages. . . . However, equitable remedies for violation of constitutional rights may be enforced."). Additionally, the Supreme Court has stated that "history and policy do not support exposing a municipality to punitive damages for the bad-faith actions of its officials." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Plaintiff has pointed to no authority to rebut this point. Therefore, Plaintiff's objection to dismissal of her exemplary damages claim against Defendant Spindletop Center is overruled.

Finally, Plaintiff objects to Judge Giblin's recommendation that the Court grant Defendant Spindletop Center's motion to compel arbitration. Plaintiff, for the first time, alleges

3

> The arbitration agreement was given to Ms. Hester to sign after the initial complaint had been filed . . . the defendants forced Ms. Hester into and [sic] illegal agreement to arbitrate based on the complaint of racial and age discrimination.  The Arbitration agreement was unconscionable due to the fact that the defendants forced the agreement on the plaintiff utilizing undue influence and duress by threatening to terminate Ms. Hester, the plaintiff, should she not sign the agreement.

(#14).  The record does not support these assertions.  Defendant Spindletop Center submitted a document titled "At-Will Employment and Dispute Resolution Agreement" with its Motion to Compel Arbitration (#4).  The At-Will Employment document is dated March 31, 2019, which Plaintiff has never disputed.  Plaintiff filed her lawsuit on January 17, 2020 (#1).  Thus, Plaintiff's suggested time line regarding coercion into signing the arbitration agreement after her filing of the initial complaint is incorrect based on the record.  Additionally, Plaintiff failed to dispute the arbitration agreement in her responses and has not put forth competent evidence to rebut the validity of the arbitration agreement.  *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 756 (Tex. 2001) ("[S]ince the law favors arbitration, the burden of proving a defense to arbitration is on the party opposing arbitration.").  Therefore, Plaintiff's objection to the motion to compel arbitration is overruled.

Having conducted a *de novo* review of the record in this case, the Court is of the opinion that the findings and conclusions of the magistrate judge are correct.  It is therefore **ORDERED** that the Report and Recommendation (#12) is **ADOPTED**.  Plaintiff's claims against Defendants Ala Abbott and Amber Woods are **DISMISSED**, with prejudice, in their entirety, as those defendants are improper parties.  *See Travis*, 654 Fed. App'x at 166.  The Court further **ORDERS** that Plaintiff's alleged constitutional violation for intentional infliction of emotional

distress against Spindletop Center is **DISMISSED**, with prejudice, as Texas does not recognize constitutional tort causes of action. *See City of Beaumont v. Bouillion*, 896 S.W.2d 143, 150 (Tex. 1995). The Court **ORDERS** that Plaintiff's claim for exemplary damages be **DISMISSED,** with prejudice**,** because such damages are not recoverable under any circumstance. S*ee City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

The Court further **ORDERS** that Defendant Spindletop Center's motion to compel arbitration (#4) is **GRANTED** as to the remaining claims, pursuant to Judge Giblin's recommendation. The Clerk is directed to **STAY** this case pending the completion of arbitration of Plaintiff's remaining claims under the ADEA, Title VII, and the Texas Labor Code against Spindletop Center. Defendant Spindletop Center is **ORDERED** to notify the Court within ten (10) days of the completion of arbitration regarding the status of the arbitrated claims.

SIGNED at Beaumont, Texas, this 22nd day of September, 2020.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE