IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| NANCY HESTER, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 1:20-CV-48-MAC-CLS |
| § | |
| HUMAN SERVICES OF SOUTHEAST § | |
| TEXAS INC., § | |
| § | |
| *Defendant*. § | |

**REPORT AND RECOMMENDATION**
**ON AMENDED MOTION TO CONFIRM ARBITRATION AWARD (Doc. #70)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned United States magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOCAL R. CV-72. Pending before the court is Defendant's Amended Application for Court to Enter Order Confirming Arbitration Award under 9 U.S.C. § 9. (Doc. #70.) After review, the undersigned recommends granting the motion.

On March 6, 2023, Defendant filed an Amended[1] Opposed Application for Court to Enter Order Confirming Arbitration Award under 9 U.S.C. § 9 [hereinafter "Amended Application"]. (Doc. #70.) Defendant represented to the court that a final arbitration hearing regarding the claims between Plaintiff and Defendant was conducted on January 5, 2023. (Doc. #70 at ¶ 4.) The

---

[1] On February 15, 2023, Defendant Spindletop Center filed an opposed Application for Court to Enter Order Confirming Arbitration Award under 9 U.S.C. § 9 [hereinafter "Original Application"]. (Doc. #69.) Pursuant to the undersigned's Order Denying Defendant's Application for Court to Enter Order Confirming Arbitration Award as Moot, Defendant's Original Application (doc. #69) is moot. Defendant's Amended Application (doc. #70) is the operative filing on this matter.

Arbitrator's Decision, attached as Exhibit 1 to Defendant's Amended Application (doc. #70-1), was issued on January 31, 2023, by Mr. Steven Kirkland, the sole arbiter on the matter.

To date, Plaintiff has not filed a response nor objections to Defendant's Amended Application.[2] Defendant has demonstrated that the arbitration award is binding on the parties involved under the relevant arbitration agreement and 9 U.S.C. § 9. Therefore, the undersigned finds the Defendant's Amended Application (doc. #70) meritorious and recommends that it be granted and the district court enter an order finding that the arbitration award and findings issued on January 31, 2023, by Mr. Steven Kirkland (doc. #70-1), the arbiter in this cause, are comprehensively adopted and confirmed by the court.

## Recommendation

For the foregoing reasons, the undersigned recommends that Defendant's Amended Opposed Application for Court to Enter Order Confirming Arbitration Award under 9 U.S.C. § 9 (doc. #70) be **GRANTED**. It is further recommended that the district court enter an order finding that the arbitration award and findings issued on January 31, 2023, by Mr. Steven Kirkland (doc. #70-1), the arbiter in this cause, are comprehensively **ADOPTED** and **CONFIRMED** by the court.

## Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the

---

[2] Pursuant to Local Rule CV-7(d), a party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.

place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 14th day of April, 2023.**

_____

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE