| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| NANCY HESTER, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:20-CV-048 |
| § | |
| HUMAN SERVICES OF SOUTHEAST, § | |
| TEXAS INC. et al., § | |
| § | |
| *Defendants*. § | |

**MEMORANDUM ORDER**
**ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, Appendix B, the court referred this matter to United States Magistrate Christine L. Stetson for consideration of all pretrial matters and proceedings (#16). Pending before the magistrate judge was Defendant's Amended Motion for Court to Enter Order Confirming Arbitration (#70). No response was filed by Plaintiff to the Defendant's Amended Motion.

Magistrate Judge Stetson issued her Report and Recommendation on Amended Motion to Confirm Arbitration Award (#73.) She recommended that the Amended Motion to Enter Order Confirming Arbitration Award be granted. The Magistrate Judge further recommended that the district court enter an order finding that the arbitration award and findings issued on January 31, 2023, by Mr. Steven Kirkland (#70-1), the arbiter in this cause, are comprehensively adopted and confirmed by the court.

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). To

be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

Instead of objections, Plaintiff filed a "motion in limine" (#75).  In her motion, she seeks to prohibit Spindletop Center from making arguments and introducing testimony contradicting the admissions in the court record.  She reiterates facts and arguments regarding her claims of discrimination.  She also complains about purported discovery violations during the arbitration process.  She contends that she did not understand that the arbitration would resolve her claim, and, finally, she complains about the arbitrator's "refusal to include all information in his analysis of the total mix of information presented. . . ."  (#75.)

A "motion in limine" is a pre-trial procedure requesting that the court prohibit the introduction of identified questions or evidence without first obtaining a court ruling. *Black's Law Dictionary*, (11th ed. 2019).  As the claims at issue were ordered to arbitration (#15), any such "motion in limine" should have been directed to the arbitrator.  Here, the court interprets the "motion in limine" as objections to the Report and Recommendation.

Having conducted a *de novo* review of the objections, the Report and Recommendation and the entire record in this cause, the court finds that Plaintiff's objections are not well-founded.

First, Plaintiff does not object with any specificity to the findings and conclusions of the Magistrate Judge as she was required to do. 28 U.S.C. § 636(b)(1)(C).

Second, Plaintiff's contention that she did not understand that her claims would be resolved in arbitration is belied by the record. In 2020, Plaintiff filed objections to the magistrate judge's Report and Recommendation compelling arbitration, claiming that the law prohibited arbitration of her claims and that the arbitration agreement was unconscionable. These objections were overruled, and the undersigned ordered arbitration on September 22, 2020 (#15). Additionally, it is clear from the record that Plaintiff actively participated in the selection of the arbitrator and arbitration dates. Nothing in the arbitrator's findings indicates any objection by the Plaintiff with proceeding to arbitrate her claims (#70-1).

Plaintiff's complaints about the discovery process leading up to arbitration needed to be addressed to, and decided by, the arbitrator (#4-1 at ¶3.3.2). Indeed, they were. According to the arbitrator's decision, at the final status conference Plaintiff complained about the paucity of the Defendant's responses to the requests for production and the arbitrator ordered Defendant to produce additional documents (#70-1 at 2). In her objections, Plaintiff now contends that the documents were provided without time to review. Plaintiff was obligated to make her objection about the lateness of the documents to the arbitrator, which the record shows she knew how to do. Nothing in the record suggests that Plaintiff requested a continuance of the arbitration and that the request was denied.

3

Finally, Plaintiff's complaints about the arbitrator "failing to address the total mix of information presented" is, broadly construed, as a request to vacate the award under 9 U.S.C. § 10(a)(3), which provides that an award can be vacated if the arbitrator was guilty of misconduct in refusing to hear evidence pertinent and material to the controversy.  9 U.S.C. § 10(a)(3). Plaintiff, however, has not shown that any such misconduct took place.  Plaintiff was provided with a full opportunity to participate in the arbitration and provide evidence to support her claims. Here, Plaintiff's complaints go directly to the conclusions of the arbitrator and not a refusal to hear evidence.  For example, she claims that it was undisputed that the job she was qualified for was not posted.  However, the arbitrator's decision indicates that her contention was disputed by the testimony of three witnesses (#70-1 at 4).   Plaintiff also objects because, according to her, the testimony at arbitration revealed one instance of discipline to be unfounded (#75 at 3).  While this evidence may have indeed been submitted, the arbitrator's decision that Plaintiff's termination was not a pretext was based on numerous evaluations and complaints showing "a consistent pattern of behavior that violated Center policies that did not improve."  (#70-1 at 4.)   Thus, Plaintiff's objection is with the conclusions of the arbitrator and not a refusal to allow pertinent evidence. The arbitrator reviewed all the documents and testimony submitted.  Plaintiff's disagreement with the outcome is not a basis for vacating an arbitrator's decision.

Accordingly, the court ORDERS that the Magistrate Judge's Report and Recommendation (#73) is ADOPTED and Defendant's Amended Motion for Court to Enter Order Confirming Arbitration Award (#70) is GRANTED. The court ORDERS that the arbitration award issued on January 31, 2023, by Steven Kirkland, the arbiter in this cause, is accepted by this court. A separate Final Judgment will be entered.

SIGNED at Beaumont, Texas, this 19th day of May, 2023.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE